**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loren Achziger; Patricia Achziger, ) | No. CV 11-8181-PCT-JAT |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Target Stores, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case arises from Plaintiff Loren Achziger falling in a Target store and suing for damages. When Mr. Achziger fell he was in a backroom in Target that is, generally, an employees only area. Based on Mr. Achziger's location at the time of the fall, pending before the Court are cross-motions for summary judgment on whether Mr. Achziger was a trespasser, licensee or invitee at the time of the fall. The parties both argue that Mr. Achziger's status is a question of law for the Court. Doc. 34 at 5 (citing *Rodriguez v. Besser Co.*, 565 P.2d 1315 (Ariz. App. 1997) (abrogated by statute on other grounds)); Doc. 40 at 6 (citing *Rudolph v. Arizona B.A.S.S. Federation*, 898 P.2d 1000, 1002 (Ariz. App. 1995)).

**I.    Factual Background**

Plaintiffs were both employed by Lawrence Merchandising Company ("Lawrence") which is a company that displays products in stores including labeling, setting and resetting merchandise on the sales floor. On the date of the fall, Mrs. Achziger was working for Lawrence displaying a product at Target. Mr. Achziger accompanied his wife to the store

1  to assist her in her job that day, but Mr. Achziger was not working for Lawrence that day.

2  As part of the display Mrs. Achziger was setting up, she needed hooks that Target
3  keeps in a backroom. The backroom is through doors which are labeled "Employees Only."
4  Only Target employees and vendor employees (which includes Lawrence employees) are
5  allowed in the backroom.

6  At the request of Mrs. Achziger, Mr. Achziger went into the backroom to obtain the
7  hooks. Mr. Achziger entered the room and obtained the hooks without incident. As Mr.
8  Achziger left the room, carrying a basket with the hooks, he slipped and fell on a plastic sign
9  on the floor. Mr. Achziger was following his same route out of the backroom that he took
10 in and was in the backroom for approximately ten minutes. Neither party offers evidence on
11 how exactly the sign came to be on the floor.

12 **II.     Legal Standard**
13     **A.     Summary Judgment**
14 Summary judgment is appropriate when "the movant shows that there is no genuine
15 dispute as to any material fact and the movant is entitled to judgment as a matter of law."
16 Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must
17 support that assertion by . . . citing to particular parts of materials in the record, including
18 depositions, documents, electronically stored information, affidavits, or declarations,
19 stipulations . . . admissions, interrogatory answers, or other materials," or by "showing that
20 materials cited do not establish the absence or presence of a genuine dispute, or that an
21 adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. Pro.
22 56(c)(1)(A)&(B).

23     **B.     Definitions of People on Land of Another**
24 In Arizona, a person on the land of another is either an invitee, licensee or trespasser.
25 *Woodty v. Weston's Lamplighter Motels*, 830 P.2d 477, 480 (Ariz. App. 1992). Arizona
26 recognizes two types of invitees:

27     (1) An invitee is either a public invitee or a business visitor.
28     (2) A public invitee is a person who is invited to enter or remain on land as a
    member of the public for a purpose for which the land is held open to the

public.
(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

Restatement (Second) of Torts § 332 (1965). *See also Maher v. U.S.*, 56 F.3d 1039, 1041 (9th Cir. 1995) ("Arizona follows the common law regarding a landowner's duty to entrants, as recited in the Restatement (Second) of Torts. [citation omitted] At common law, an invitee is either a 'public invitee' or a 'business visitor.' [citation omitted]"); *Nicoletti v. Westcor, Inc.*, 639 P.2d 330, 333 (Ariz. 1982).

More specifically,

The definition of the word 'invitee' depends upon which of two theories is espoused as the basis for liability. Under the 'economic benefit theory' the duty of affirmative care to make the premises safe to an invitee depends upon actual or potential pecuniary profit to the possessor. The courts have been generous in including various situations within the ambit of this definition. *See* William L. Prosser, Law of Torts at 396 et seq. (3rd ed.).

The second theory is the 'invitation theory.' Under this theory the duty of affirmative care to make the premises safe to an invitee is not based on any economic benefit to the occupier but rather upon an implied representation made to the public by holding the land open to them, that reasonable care has been exercised to make the place safe for those who come for that purpose. William L. Prosser, Law of Torts, *supra*.

*Downey v. Lackey*, 466 P.2d 401, 402 (Ariz. App. 1970).

A licensee is a person who is privileged to enter or remain on land by consent of the possessor, whether by invitation or permission. *Barry v. Southern Pac. Co.*, 166 P.2d 825, 827 (Ariz. 1946). A trespasser is a person who is on the land without the consent of the land owner or possessor. *Id.* at 828.

A person's status on land may change during the course of the person's visit. For example, a person may enter land as an invitee, but later lose that status by entering portions of the land which are not held open to the public or by remaining on the land for a personal purpose that no longer benefits the possessor of the land. *Nicoletti*, 639 P.2d at 333.

### C.    Duties of Care

The occupier of premises owes an invitee a duty, "to discover and correct or warn of hazards which the possessor should reasonably foresee as endangering the invitee."

*Robertson v. Sixpence Inns of America, Inc.*, 789 P.2d 1040, 1045 (Ariz. 1990). The possessor of premises owes a licensee a duty to adequately warn of hidden or concealed dangers of which the possessor has knowledge, and also to refrain from willfully injuring the licensee. *Shannon v. Butler Homes*, 428 P.2d 990, 994 (Ariz. 1967). A landowner or a possessor of premises owes a trespasser a duty to not intentionally injure the trespasser (this applies to adults). *Spur Feeding Co. v. Fernandez*, 472 P.2d 12, 14 (Ariz. 1970).

**III.   Discussion**

      **A.   Is Mr. Achziger an invitee?**

In this case, it is clear that Mr. Achziger was not in the backroom of Target as a "public invitee" under an "invitation theory." *See Downey*, 466 P.2d at 402-03. Thus, Mr. Achziger would be an invitee only if he shows that he is a "business visitor" under the "economic benefit theory." *See id.*

Without distinguishing between the two kinds of invitees, Plaintiffs argue that Mr. Achziger was an invitee because: 1) Target did not know Lawrence sent only one employee that day; and 2) Target received a benefit from Mr. Achziger's work. Also without distinguishing between the two kinds of invitees, Target argues Mr. Achziger was not an invitee because: 1) he was in a restricted area not open to the public; 2) he was not working for Lawrence that day so he was no more than a member of the public;[1] and 3) Mr. Achziger was benefitting himself when he assisted Mrs. Achziger (by increasing how fast his wife completed her work so they could leave for vacation) rather than Target.

The Court now turns to the question of when can a volunteer be an invitee under the economic benefit theory. By way of example, the Arizona Courts have held that volunteers who are in an area not open to the public and who are engaging in an activity that does not benefit the landowner's business are licensees. *Hicks v. Superstition Mountain Post No. 9399*, 601 P.2d 281, 284 (Ariz. 1979). *Hicks* is distinguishable, however, because Mr.

---

[1] Lawrence has a policy that prohibits job sharing. Therefore, Mr. Achziger did not have the option of voluntarily helping another employee. However, on the day in question, it does not appear that Mr. and Mrs. Achziger or Target were aware of that policy.

- 4 -

1 Achziger was, allegedly, engaging in an activity for the benefit of Defendant's business. But, Defendant argues that Mr. Achziger's subjective motive was to benefit himself and that any benefit to Target was incidental. *Hicks* does not address subjective motives.

The Arizona Courts have also held that a person who is waiting for someone at a pharmacy (in a lounge area of the pharmacy that is not open to the public) and volunteers to help the bookkeeper send out statements, who is then injured in the process of sending out the statements, is a licensee. *Downey*, 466 P.2d at 403. The Court reached this holding on the economic benefit theory because the plaintiff, "did not enter for any reason which could have held any potential pecuniary profit to [Defendant]." *Id*. at 403.

Here, Mr. Achziger claims he entered for a reason which resulted in a pecuniary benefit to Defendant. Defendant claims that Mr. Achziger entered for a reason that benefitted himself. Plaintiffs counter than Mr. Achziger believed he was permitted to work for Target's benefit that day. In other words, Plaintiffs argue that *if* Mr. Achziger had been working for Lawrence that day, he would have been an invitee and neither Target nor Mr. Achziger knew Mr. Achziger was not working that day. Neither party knew Mr. Achziger was not working because Mr. Achziger did not know Lawrence had adopted an no-job-sharing policy in 2008 and Target did not know how many employees Lawrence had assigned that day. Conversely, Defendant argues that Mr. Achziger was not, in fact, working that day, and was not permitted by Lawrence to be working that day; thus, Mr. Achziger was there for his own purposes.

A review of other jurisdictions shows that whether a visitor who voluntarily does work is a licensee or an invitee is a fact specific inquiry, which causes courts to reach varying conclusions. *See* 94 A.L.R.2d 6, §§ 20, 23[a], 23[b], 24[a], 25[a]. Most similarly, in *Hogan v. Hess Constru. Co.*, 358 P.2d 755, 757 (Kan. 1961), the Court held that a wife who went to her husband's job (the husband worked for an independent contractor who was doing work on Defendant's property) to assist her husband in his work was a licensee. The only distinction between *Hogan* and this case is that in *Hogan* there was no evidence that the wife sometimes also worked for the husband's company. The *Hogan* court pointed out this

- 5 -

1   distinction: "As to the plaintiff wife, it appears that she was neither an employee of defendant
2   nor [the independent contractor], and that she was in fact the invitee or guest of her husband
3   upon the premises." *Id.*

4   The Restatement generally instructs that the Court should view the scope of a person's
5   invitation from the perspective of a reasonable person in Plaintiff's position. Restatement
6   (Second) of Torts § 332 comment c. Here, the determination of whether Mr. Achziger was
7   an invitee or licensee depends on whether a reasonable person in Mr. Achziger's position
8   would have believed he was working and thus an invitee. This inquiry is impacted by Mr.
9   Achziger's subjective beliefs about whether he was working on behalf of Lawrence, or on
10  behalf of himself to speed his vacation departure, or both. Because reasonable minds could
11  differ on what a reasonable person in Mr. Achziger would have believed regarding whether
12  he was there for the economic benefit of Target and therefore a business visitor, the Court
13  finds Mr. Achziger's status to be a question of fact for the jury. *See* Restatement (Second)
14  of Torts § 332, comment l.[2]

**B.    If Mr. Achziger is an invitee, is there evidence that Defendant breached the standard of care?**

Alternatively, Defendant argues that even if Mr. Achziger is an invitee, there is no

---

[2]    Since the status of the visitor as an invitee may depend upon whether the possessor should have known that the visitor would be led to believe that a particular part of the premises is held open to him, the question is often one of fact for the jury, subject to the normal control which the court exercises over the jury's function in such matters.

Restatement (Second) of Torts § 332, comment l; *West v. Tan*, 322 F.2d 924, 926 (9th Cir. 1963) ("In most cases, questions as to whether a person is a 'mere' licensee, or an invitee or business guest, and as to whether the risk was assumed, are fact questions, to be decided by the jury under proper instructions."); *but see Woodty*, 830 P.2d at 482 (holding, "It is well-established in Arizona that whether a duty exists is a question of law to be decided by the court."). The Court in *Woodty* determined invitee status as a matter of law without asking a jury what the invitee (who was visiting a registered guest of a motel, and stayed on at the motel after the registered guest left) would have reasonably believed the scope of her invitation to be.

- 6 -

1 evidence that Target violated the standard of care. As discussed above, a possessor of
2 premises owes an invitee the duty to discover, correct and/or warn of hazards that the
3 possessor should reasonably foresee will endanger the invitee. *Robertson*, 789 P.2d at 1045.
4       Here, by Mr. Achziger's account, the sign over which he tripped was on the floor less
5 than 10 minutes.

> To establish the owner's liability for injuries resulting from a dangerous condition on the premises, an invitee must prove either that the dangerous condition was caused or permitted to develop by persons over whom the owner had control or that the owner had actual or constructive knowledge of the existence of the condition.

*Woodty*, 830 P.2d at 480.

      As to how much time must pass for constructive knowledge, the Arizona Courts have stated,

> Plaintiff urges this Court to adopt a test for determining a defendant's culpability for injuries to a business invitee based solely upon evidence of defendant's housekeeping practices, and to eliminate the requirement that plaintiff make at least some showing of how long the substance had been on the floor. Such a test is not the law in Arizona, nor is it the law in a majority of the other jurisdictions. These courts have consistently held that a plaintiff must show that the defective condition had been in existence for a sufficient length of time prior to the injury for the proprietor, in the exercise of reasonable care, to find and correct it, or take remedial action. [citation omitted]

*Walker v. Montgomery Ward, Co., Inc.*, 511 P.2d 699, 703 (Ariz. App. 1973). Thus, a plaintiff must prove one of three circumstances to recover: (1) that the dangerous condition was the result of the defendant's acts (including the acts of the defendant's employees); (2) that the defendant had actual knowledge or notice of the existence of the dangerous condition; or (3) that the dangerous condition existed for such a length of time that in the exercise of ordinary care the defendant should have known of it and taken action to remedy it. *Id* at 702. In other words,

> if the condition was created by the carelessness of an employee in displaying or handling merchandise, the proprietor is liable whether or not it was aware of its employee's neglect. Where the condition was created by the carelessness of a patron, however, the traditional approach employed in *Walker v. Montgomery Ward & Co.*, *supra*, has been to analyze liability on an actual or constructive notice theory, with the proprietor liable only on proof of notice to him.

1 *Tom v. S.S. Kresge, Co., Inc.*, 633 P.2d 439, 441 (Ariz. App. 1981).

2 Assuming a Target employee was not the cause of the sign being on the floor, up to
3 ten minutes is sufficient to create a disputed issue of fact for the jury as to whether Defendant
4 had adequate time to discover and correct the danger. *See Fox v. Ben Schechter & Co.* 13
5 N.E.2d 730, 732 (Ohio App. 1937) (finding 15 minutes to create a question of fact for the
6 jury); *Calecas v. Great Atlantic & Pac. Tea Co., Inc.*, 330 So.2d 619, 620 (La. App. 1976)
7 (finding in favor of the plaintiff when shallots had been on the floor at least 20 minutes);
8 *Hale v. Safeway Stores, Inc.*, 276 P.2d 118, 123 (Cal. App. 1954) (12 to 30 minutes sufficient
9 to create a disputed issue of fact for the jury); *Hogan v. S.S. Kresge Co*, 93 S.W.2d 118, 121-
10 22 (Mo. App. 1936) (15 minutes sufficient to sustain jury verdict); *but see Brookshire Food*
11 *Stores, L.L.C. v. Allen*, 93 S.W.3d 897, 901 (Tex. App. 2002) (less that 15 minutes not legally
12 sufficient evidence of constructive knowledge); *Shea v. First. Nat. Stores*, 7 A.2d 196, 197-
13 98 (R.I. 1939) (superseded by statute) (3 to 4 minutes not enough for constructive
14 knowledge).

15 Assuming a Target employee caused the sign to be on the floor, Defendant would be
16 deemed to have immediate notice of the condition. *Tom*, 633 P.2d at 441. Plaintiff has the
17 following evidence that a Target employee caused the sign to be on the floor. First,
18 generally, only Target employees and vendors (such a Plaintiffs) were allowed to be in the
19 backroom. Second, Target's disclosure statement indicated that there were no other vendors
20 in the backroom. Doc. 47 at 3, n.1.[3] Third, within seconds of Mr. Achziger's fall, Target
21 employees attempted to assist him (evidencing they were in the backroom). Finally, Target's

---

[3] The Court notes that Target's disclosure statement is likely not admissible evidence for purposes of trial; and, moreover, Plaintiffs did not provide a copy of the disclosure statement. However, the Court of Appeals has directed that, at the summary judgment stage, the Court should not focus on the admissibility of the evidence as presented. Instead the Court should focus on the admissibility of its contents. *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."). Here, presumably Plaintiffs could call witnesses who could testify to these facts.

- 8 -

1  internal investigation confirmed that three Target employees were working in that area or
2  adjacent areas.[4]  Doc. 41 at 28.  These facts are sufficient circumstantial evidence to create
3  a disputed issue of fact for the jury as to whether a Target employee caused the sign to be on
4  the floor.

**IV.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Defendant's motion for summary judgment that Mr. Achziger was not an invitee (part of Doc. 34) is denied.

**IT IS FURTHER ORDERED** that Plaintiffs' cross-motion for summary judgment that Mr. Achziger was an invitee (Doc. 40) is denied.

**IT IS FURTHER ORDERED** that Defendant's alternative motion for summary judgment even if Mr. Achziger was an invitee (part of Doc. 34) is denied.

**IT IS FINALLY ORDERED** that an order setting the final pretrial conference will follow.

DATED this 8th day of February, 2013.

_____
James A. Teilborg
United States District Judge

---

[4] In Doc. 40 at 7, n. 3, (filed September 25, 2012) Plaintiffs suggest that they intend to depose these three Target employees.  However, discovery closed in this case on July 31, 2012.